O’Neall, J.
It seems that the established practice in England, prior to to the stat. of 25 Geo. II. c. 37, was, “ for the judge to sign the calendar, a list of all the prisoners’ names, with the separate judgements in the margin, which is left with the sheriff,” and by it he does “ execution within a convenient time.” By the stat. 25 Geo. II, c. 37, the judges are directed, in cases of conviction for murder, to pronounce sentence in open Court, and the statute fixes the time of execution. In this State, the practice has been to sentence the prisoner in open Court, and assign a day for his execution. In the case of The State v. Smith, 1 Bail. 283, the prisoner received a conditional pardon, and was discharged from prison ; but having afterwards violated the condition, he was held to be liable to execution under the conviction and judgement. So in Ad-dington’s case,* the prisoner, who had violated the condition of his pardon, and in the meantime the statute under which he had been convicted was repealed, was held to be liable to execution. In Duestoe’s case, the prisoner escaped between judgement and the day of execution, and after some years was taken, another day was assigned for his execution, and he was executed. In Loyd’s case, the prisoner was not executed on the day assigned for execution, owing to the new arrangement of the Circuit Court districts under the act of 1800. He was held by the constitutional Court not to be entitled to his discharge, a day was assigned, and he was executed. These precedents would be enough to dispose of the prisoner’s motion, but the case does not depend alone on them ; the same conclusion must have been arrived at if there had been no decision on the subject in the State.
“ In the case of the Earl of Ferrers, it was resolved by all the judges, that if a peer be convicted of murder before the lords in parliament, and the day appointed by them for execution pursuant to 25 Geo. II. should lapse before such execution done, a new time may be appointed for the execution.” Hawk. P. C. bk. 2, ch. 51, sec. 1; Fost. 140. That case is perfectly parallel with this, for in both the day of execution is part of the sentence, and in both the execution was not stayed by any act of the prisoner.
But independent of cases, the clear and well settled princi-pie that the judgement is not executed ’till the prisoner be *614 hanged until he be dead, is enough to authorize tho Court to ass¡gn a new ¿ayt The judgement stands in full force until the prisoner be executed or pardoned. For Hawkins, Bk. 2, chap. 51, sect. 7, says, “ it is clear, that if a man condemned to be hanged, come to life after he be hanged, he ought to be hanged again, for the judgement is not executed till he be dead” This shews that the judgement can only be satisfied by an actual execution, and if the execution attempted is prevented by accident from being effectual, that still the judgement of the law remains and must be executed.
Burt, for the prisoner.
Waddy Thompson, Sol. contra.
The motion is dismissed.
Johnson and Harper, Js. concurred.

 2 Bail. 516.